IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **MIRANDA WHITWORTH,**<br><br>*Plaintiff*,<br><br>v.<br><br>**Officer JOHNATHON CHAMBERS,** *in his individual capacity*; **Officer DANNY WOODS** *in his individual capacity*; **JESSE ELDER,** *in his individual capacity*; **and FRANKLIN COUNTY,**<br><br>*Defendants*. | **CIVIL ACTION NO.**<br>**3:25-cv-00138-TES** |

**ORDER**

In this case, Plaintiff Miranda Whitworth is proceeding *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. [Doc. 3, p. 2]. On September 2, 2025, the Court directed service of Plaintiff's Complaint [Doc. 1] on the following defendants: Officer Johnathon Tyler Chambers, Officer Danny Bryan Woods, and Jesse Len Elder as required by Federal Rule of Civil Procedure 4(c)(3).[1] [*Id.* at p. 12]. On November 8, 2025, Plaintiff filed an Amended Complaint [Doc. 8], and given that she's proceeding IFP, the Court must review that amended pleading pursuant to § 1915(e). In her Amended Complaint, Plaintiff not only attempts to add a new party, but she also attempts to assert a *Monell* claim against that party. [Doc. 8, p. 1].

---

[1] As of the date of this Order, the United States Marshals Service has yet to serve these three defendants.

Now, if the Court were to proceed in a hyper technical fashion and take Plaintiff's Amended Complaint at face value—that is, as a true "amended complaint"—then the substance of that filing would likely be the operative pleading in this case. Under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). Put differently, "the original pleading is abandoned by the amendment, and [the original pleading] is no longer a part of the pleader's averments against h[er] adversar[ies]." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); *see also Hoefling v. City of Mia.*, 811 F.3d 1271, 1277 (11th Cir. 2016) (initial pleading "bec[o]me[s] a legal nullity"). To have Plaintiff's original Complaint completely displaced by her Amended Complaint is clearly not what she intended with this most recent filing.

Here, in attempting to amend her Complaint, the Court recognizes that Plaintiff says, "No other changes are made to the Complaint at this time."[2] [Doc. 8, p. 1]. However, out of an abundance of caution, the Court **CONSTRUES** her Amended Complaint as a Motion to Add Party. "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a [filing] and recharacterize [it] in order to place it

---

[2] "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted).

2

within a different legal category." *Retic v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting *Castro v. United States*, 540 U.S. 375, 381 (2003)). Courts may do this "to create a better correspondence between the substance of [a filing] and its underlying legal basis." *Id.* Since the Court "[o]n motion or on its own, . . . may at any time, on just terms, add or drop party," the Court **GRANTS** Plaintiff's Motion to Add Party and **DIRECTS** the Clerk of Court to **ADD** Franklin County as a defendant in this case. Fed. R. Civ. P. 21. With Franklin County now added as a defendant, the Court turns to whether Plaintiff's factual allegations for the *new claim* she seeks to assert against it are sufficient to survive frivolity review under § 1915(e).

A.     <u>28 U.S.C. § 1915(e)</u>

Again, since Plaintiff is proceeding IFP the Court is required to review her allegations against the newly added party to determine whether they are frivolous or malicious or fail to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The standards governing dismissal at the frivolity-review stage have been previously discussed by the Court in its previous Order, so it will not rehash them here. *See* [Doc. 3, pp. 2–4]. For the reasons about to be discussed, however, the Court **DISMISSES** Plaintiff's *Monell* claim against Franklin County **without prejudice** pursuant to § 1915(e)(2)(B)(ii) because her allegations against it fail to state a claim on which relief may be granted. *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)).

3

**B.      Plaintiff's *Monell* Claim Against Franklin County**

Via her efforts to add Franklin County to this case, Plaintiff asserts that Franklin County is liable "under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) . . . because the constitutional violations described in the original Complaint were caused by the [c]ounty's failure to train, supervise, or discipline its officers, or by policies and customs that reflect deliberate indifference to the rights of individuals such as [her]." [Doc. 8, p. 1]. This is woefully insufficient to state a plausible *Monell* claim against Frankin County.

To be sure, whether a complaint states a claim for relief is measured by reference to the pleading standard of Federal Rule of Civil Procedure 8—a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Barreth v. Reyes 1, Inc.*, No. 5:19-cv-00320-TES, 2020 WL 4370137, at *2 (M.D. Ga. July 29, 2020) (citation omitted). Rule 8 doesn't require detailed factual allegations, but it does require "more than unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citation omitted) (alterations adopted). In other words, it requires more than what Plaintiff has put forth in this case. Rule 8's sole purpose is to provide a defendant "with 'fair notice' of the claims and the 'grounds' for entitlement to relief." *Barreth*, 2020 WL 4370137, at *2 (citation omitted); *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 555–56 (2007).

Now, to decide whether Plaintiff's *Monell* claim against Franklin County survives

4

frivolity review, the Court uses a two-step framework. *McCullough*, 907 F.3d at 1333 (citation omitted); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (holding that dismissal under § 1915(e)(2)(B)(ii) is governed by the same relevant standards for a motion based on Federal Rule of Civil Procedure 12(b)(6)). The first step is to identify the allegations that are "no more than conclusions." *McCullough*, 907 F.3d at 1333 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "Conclusory allegations are not entitled to the assumption of truth." *Id.* After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* "A court decides whether [Rule 8's pleading standard] is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow [it] to reasonably infer that [a] plaintiff [may be] entitled to the legal remedy sought." *Barreth*, 2020 WL 4370137, at *2 (citation omitted).

"To prove a *Monell* claim, a plaintiff must show: (1) that [her] constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Andre v. Clayton Cnty., Ga.*, 148 F.4th 1282, 1300 (11th Cir. 2025). As her allegations are currently pled, Plaintiff has only provided the elements for a *Monell* claim. She has not provided any factual allegations whatsoever to support such a

5

claim against Franklin County. She must do more, much more.

Plaintiff's barebones allegations are nothing more than legal conclusions. Yes, of course, Plaintiff's factual allegations—had she asserted any in support of her *Monell* claim—would've been taken as true at this stage, but the Court is not bound to accept her legal conclusions couched as facts. *Iqbal*, 556 U.S. at 678. When a party merely offers legal conclusions, as Plaintiff has done in her short-shrift efforts to add a *Monell* claim against Franklin County, courts must "identify [those] conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 681). When the Court, as *McCullough* instructs, disregards Plaintiff's conclusory allegations, there is nothing left for it to determine whether she states a plausible *Monell* claim against Franklin County. In drafting her factual allegations for her *Monell* claim, Plaintiff needed to "plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (quoting *Twombly*, 550 U.S. at 555). Since she only asserted legal conclusions with respect to her *Monell* claim against Franklin County, it cannot proceed forward. Plaintiff's "formulaic recitation" pleading will not push her *Monell* claim through for further factual development.

Rest assured, the Court is cognizant of its obligation to give lenience to pro se litigants and liberally construe their pleadings. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th

Cir. 2003). This leniency, though, does not give the Court license to serve as de facto counsel for Plaintiff or to rewrite her deficient pleading on her behalf so that it sustains a cause of action. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998); *Lemons v. Lewis*, 969 F. Supp. 657, 659 (D. Kan. 1997) (pro se status does not absolve litigant of duty to comply with fundamental procedural rules; nor is it a court's "function to become an advocate for the pro se litigant").

### C. Conclusion

Based on the foregoing, the Court **DISMISSES** Plaintiff's *Monell* claim against Franklin County **without prejudice** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court **DIRECTS** the Clerk of Court to **TERMINATE** Franklin County as a party to this action. There shall be no service of process on Franklin County.

**SO ORDERED**, this 13th day of November, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**