IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **MIRANDA WHITWORTH,**  *Plaintiff,*  v.  **Officer JOHNATHON CHAMBERS,** *in his individual capacity;* **Officer DANNY WOODS** *in his individual capacity;* **and JESSE ELDER,** *in his individual capacity,*  *Defendants.* | **CIVIL ACTION NO. 3:25-cv-00138-TES** |

**ORDER DENYING SECOND MOTION TO ADD PARTY**

Before the Court is Plaintiff Miranda Whitworth's Second Motion to Add Party [Doc. 14]. In this motion, Plaintiff seeks, once again, to add Franklin County as a defendant in this case under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See* Fed. R. Civ. P. 21.

To briefly recap, Plaintiff previously tried to add Franklin County as a defendant in this case via an "amended complaint." *See* [Doc. 8]. Rather than take the technical route and permit that filing to stand as the sole operative pleading in this case— potentially dropping Plaintiff's claims against the other three named defendants—the Court construed her "amended complaint" as a motion to add party. [Doc. 9, pp. 2–3]. However, given the lack of factual allegations against Frankin County, the Court

ultimately disallowed Franklin County's addition into the case. [*Id.* at pp. 4–7].

Typically, when parties want to amend an operative pleading, they cannot just file a single document pertaining to their efforts to amend (as Plaintiff did in this case). *See* [Doc. 8]. A plaintiff should, instead, redraft the complaint in its entirety—that way, defendants and courts do not have to engage in the inefficient practice of shuffling between multiple filings to ascertain a plaintiff's allegations and claims. *See Dietz v. Bouldin*, 579 U.S. 40, 45, 47 (2016) (invoking "Rule 1 [of the Federal Rules of Civil Procedure]'s paramount command: the just, speedy, and inexpensive resolution of disputes" and the federal courts' inherent powers "to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"). Plaintiff quite clearly didn't want to take that course of action in her previous effort to add Franklin County, so in order to prevent her previously filed "amended complaint" from usurping her Complaint [Doc. 1], the Court viewed it as a motion to add party. [Doc. 9, pp. 2–3]. In doing so, the Court assessed whether Plaintiff's allegations, as pled, were sufficient to state a plausible *Monell* claim against Franklin County. Had they been enough, the Court would have added Franklin County as a defendant and ordered Plaintiff to recast all of her allegations against all four defendants into one single document. That document would have, of course, completely replaced her original Complaint. However, in its previous Order [Doc. 9], the Court dismissed Plaintiff's attempted *Monell* claim against Franklin County without prejudice pursuant to 28

2

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. [Doc. 9, p. 7]. The Court makes the same ruling here with respect to Plaintiff's Second Motion to Add Party.

As this is Plaintiff's second attempt to state a *Monell* claim against Franklin County, the Court will not rehash what is required for stating a plausible claim under Federal Rule of Civil Procedure 8 or binding precent from the United States Supreme Court and the Eleventh Circuit. *See, e.g.*, [Doc. 8], *in connection with* [Doc. 9, pp. 4–6]. Instead, the Court jumps straight to the "allegations" Plaintiff puts forth in support of her second effort to add Franklin County as a party under *Monell*. *See McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) ("Conclusory allegations are not entitled to the assumption of truth.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Just like the Court told Plaintiff in its previous Order, "[t]o prove a *Monell* claim, a plaintiff must show: (1) that [her] constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." [Doc. 9, p. 5 (quoting *Andre v. Clayton Cnty., Ga.*, 148 F.4th 1282, 1300 (11th Cir. 2025))].

There's no doubt that Plaintiff plausibly *alleges* a violation of her own constitutional rights, but her efforts regarding the other two elements of a *Monell* claim fall short. *See* [Doc. 3, pp. 4–12]. The Eleventh Circuit has held that a plaintiff plausibly alleged a *Monell* claim where the plaintiff alleged (1) a violation of his own

constitutional rights, (2) that others had suffered the same or similar constitutional violations, and (3) that the municipality itself referred to these constitutional violations as part of a "program." *See, e.g., Andre*, 148 F.4th at 1300 (citing *Hoefling v. City of Mia.*, 811 F.3d 1271, 1280–81 (11th Cir. 2016)). Absent from Plaintiff's allegations underlying her *Monell* claim are any *factual* allegations as to how "others ha[ve] suffered the same or similar constitutional violation." *See, e.g., id.* Plaintiff merely offers this unadorned statement: "The deputies engaged in conduct similar." [Doc. 14, p. 3].

Candidly, "Plaintiff alleges," in a rather generic fashion, "that Franklin County is liable under *Monell* . . . because: [Franklin] County had actual notice of repeated complaints involving the same deputies" and that "[t]he deputies engaged in conduct similar to that alleged in Plaintiff's initial [C]omplaint." [Doc. 14, p. 3]; *see also* [Doc. 1]. Plaintiff stops there, though. She fails to provide any real context or factual allegations for *what* these repeated complaints are or *who* made them. Since Plaintiff is so adamant on her allegation that Franklin County had actual notice, she ought to have been able to supply specific examples where "others had suffered the same or similar constitutional violations." *See, e.g., Andre*, 148 F.4th at 1300; [Doc. 14, p. 3]. Plaintiff also failed to offer any examples of these alleged "repeated complaints." [Doc. 14, p. 3]. It's evident that Plaintiff can easily say her *Monell* claim is supported by "conduct similar to" what she says happened to her, but she failed to provide any factual allegations about that supposed conduct to nudge the claim from conceivable to plausible. [*Id.*]. Plaintiff's

4

"allegations" are simply too generic, and as the Court has already told her, "formulaic recitation of the elements of a cause of action" will not sustain a cause of action. [Doc. 9, p. 6 (citing *McCullough*, 907 F.3d at 1333)]; *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 555 (2007).

After all, Rule 8's sole purpose is to provide a defendant "with 'fair notice' of the claims and the 'grounds' for entitlement to relief." *Barreth v. Reyes 1, Inc.*, No. 5:19-cv-00320-TES, 2020 WL 4370137, at *2 (M.D. Ga. July 29, 2020); *Twombly*, 550 U.S. at 555–56. Without the slightest descriptive effort of these "repeated complaints" or without any specific examples of this so-called "similar conduct," there's no "fair notice" to Franklin County when it comes to its ability to mount a defense. *See Twombly*, 550 U.S. at 555; *Bailey v. Reliance Tr. Co.*, No. 1:04-CV-0340-JOF, 2002 WL 8154440, at *3 (N.D. Ga. Mar. 8, 2005) ("[T]he purpose of a pleading is to give the adverse party a fair notice of the claim, so that the adverse party can prepare an answer and an adequate defense.").

Again, complaints reviewed under § 1915(e)(2)(B)(ii) are governed by the same relevant standards for a motion based on Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the relevant inquiry in assessing a plaintiff's allegations through a Rule 12(b)(6) lens is whether there is enough factual heft to nudge a claim from the "conceivable" category to the "plausible" one. *Twombly*, 550 U.S. at 557. Here, the conclusory allegations Plaintiff offers in support of her second effort assert a *Monell* claim against Franklin County, once again, do not

provide enough factual heft to nudge the claim into that latter category. Accordingly, the Court **DENIES without prejudice** Plaintiff's second effort to add Franklin County as a defendant in this case under *Monell*. Anytime a plaintiff seeks to amend a complaint, especially if the attempted amendment is to add a party, the plaintiff must attach a proposed amended complaint for review. "A plaintiff who moves for leave to amend a complaint 'must either attach a copy of the proposed amendment to the motion or set forth the substance thereof.'" *United States ex rel 84Partners, LLC v. Nuflo, Inc.*, 79 F.4th 1353, 1363 (11th Cir. 2023) (quoting *United States ex rel Atkins v. McInteer*, 470 F.3d 1350, 1361–62 (11th Cir. 2006)).

**SO ORDERED**, this 26th day of November, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**