IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **MIRANDA WHITWORTH,**  *Plaintiff,*  v.  **Officer JOHNATHON CHAMBERS,** *in his individual capacity;* **Officer DANNY WOODS** *in his individual capacity;* **and JESSE ELDER,** *in his individual capacity,*  *Defendants.* | **CIVIL ACTION NO. 3:25-cv-00138-TES** |

**ORDER**

On December 16, 2025, pro se Plaintiff Miranda Whitworth filed an Amended Complaint [Doc. 27]. Federal Rule of Civil Procedure 15 provides two ways a plaintiff can amend a complaint before trial. One way is by amending as a matter of course. Fed. R. Civ. P. 15(a)(1). A "matter of course" amendment allows a plaintiff to amend a complaint in one of two ways:

- once within 21 days after serving the complaint, or
- 21 days after a plaintiff's adversary serves a responsive pleading or 21 days after that adversary serves a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)–(B). Other than amendments "as a matter of course," the second and *only* other way to amend a complaint before trial comes under the "Other

Amendments" portion of Rule 15. Fed. R. Civ. P. 15(a)(2). That provision says, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff filed her original Complaint [Doc. 1] on August 28, 2025. [Doc. 1, p. 1 (CM/ECF filing notation of "Filed 08/28/25")]. Previously, Plaintiff made two attempts to amend that Complaint on November 13, 2025, and November 24, 2025, but the Court denied leave to amend without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). *See, e.g.*, [Doc. 8], *in connection with* [Doc. 9]; [Doc. 14], *in connection with* [Doc. 15].

Now, with reference to Rule 15, the docket reflects that the officer defendants, Officer Jonathon Tyler Chambers and Officer Danny Bryan Woods, were served on November 24, 2025, and November 21, 2025, respectively. [Doc. 20, p. 2 (Chambers)]; [Doc. 23, p. 2 (Woods)]. Defendants Chambers and Woods filed a Motion to Dismiss [Doc. 26] on December 12, 2025. As for Defendant Jesse Elder, service paperwork shows that he was served on December 2, 2025, and he filed his Answer [Doc. 19] on December 4, 2025. [Doc. 22, p. 2 (Elder)]. Plaintiff, as noted above, filed her Amended Complaint on December 16, 2025; thus, she has used her "matter of course" amendment under Rule 15(a)(1). Accordingly, the Court **DIRECTS** the Clerk of Court to **ADD** "Franklin County, Georgia," as a defendant in this case. [Doc. 27, p. 1].

However, because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court must review her Amended Complaint pursuant to § 1915(e). At times, Plaintiff conflates

the "name" of the just-added defendant. For example, in her list of defendants, she says she's suing "Franklin County[,] Georgia," in its official capacity. [Doc. 27, p. 2]. Elsewhere, however, she says that "[the] Franklin County Sheriff's Office is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)." [*Id.* at p. 3].

First, to the extent Plaintiff is trying to sue the Franklin County Sheriff's Office, the Court has already informed her that a sheriff's "office" "is not a legal entity capable of being sued under Georgia law." *Whitworth v. Franklin Cnty. Det. Ctr.*, No. 3:25-cv-00106-TES, 2025 WL 1943790, at *2 (M.D. Ga. July 15, 2025) (citing *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 368 S.E.2d 500, 502 (Ga. 1998)). Second, as a matter of law, Plaintiff's attempted *Monell* claim against *Franklin County, Georgia*, fails to state a claim.

Again, since Plaintiff is proceeding IFP, the Court is required to review her allegations against Franklin County to determine whether they are frivolous or malicious or fail to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The standards governing dismissal at the frivolity-review stage have been previously discussed by the Court in a previous order, so it does not restate them here. *See* [Doc. 3, pp. 2–4]. For the reasons discussed below, the Court **DISMISSES** Plaintiff's *Monell* claim against Franklin County **with prejudice** pursuant to § 1915(e)(2)(B)(ii) because a sheriff is not a *county* policymaker under Georgia law. *Grech v. Clayton Cnty.*, 335 F.3d 1326 (11th Cir. 2003) (en banc).

Whether a local government representative is a final policymaker in a particular

area or on a particular issue for purposes of liability under 42 U.S.C. § 1983 is determined by examining state law. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 (1997). "In Georgia, a county has no authority and control over [a] sheriff's law enforcement function." *Grech*, 335 F.3d at 1347.

Applied to this case, the Franklin County Sheriff is not under the control of Franklin County. *See* Ga. Const. Art. 9, § 2, ¶ I. Sheriffs are independent constitutional officers of the State of Georgia. *See, e.g.*, *Owens v. Fulton Cnty.*, 877 F.2d 947, 951 (11th Cir. 1989); O.C.G.A. § 15-16-10. "Georgia's Constitution . . . makes the sheriff's office a constitutional office independent from the county entity itself, precludes all county control, and grants only the State control over sheriffs . . . ." *Manders v. Lee*, 338 F.3d 1304, 1312 (11th Cir. 2003) (en banc). In other words, a county sheriff is independent of and not answerable to the governing authorities of the respective geographical county that sheriff serves. *Grech*, 335 F.3d at 1336; *Pellitteri v. Prine*, 776 F.3d 777, 780 (11th Cir. 2015). Thus, Georgia sheriffs are not county policymakers under § 1983. *Grech*, 335 F.3d at 1348.

Notwithstanding Plaintiff's repeated efforts to hale Franklin County into court, the Franklin County Sheriff doesn't make the "policies, practices, or customs" for the county when it comes to any supposed "failure to properly train, supervise, or discipline deputies." [Doc. 27, p. 3]. Plaintiff makes no allegation against Franklin County regarding acts for which *the county* could be held responsible. *See Grech*, 335

F.3d at 1336–37. To allow Plaintiff's *Monell* claim to proceed against Franklin County, in the absence of any corporate control over the Sheriff by that county entity, "would ignore *Monell*'s and Georgia law's conception of counties as corporations that act through a governing body." *Id.* at 1343. Put simply, Franklin County has no control over the Franklin County Sheriff or the practices he uses for his deputies or employees to follow. *See Edwards v. Jackson*, No. 25-0246-KD-MU, 2025 WL 3466614, at *5 (S.D. Ala. Oct. 7, 2025).

When it comes to the claims at issue in this case, Georgia's courts "speak with unanimity." *Grech*, 335 F.3d at 1337. A "county," in Georgia, "cannot be held liable for the tortious actions of [a] sheriff or his deputies in performing their law enforcement activities." *Id.* (citing *Wayne Cnty. Bd. of Comm'rs v. Warren*, 223 S.E.2d 133, 134 (Ga. 1976)) ("[A] county has no liability in connection with the violations of the civil rights of any person by a county officer."). Therefore, Plaintiff's latest effort to lodge a *Monell* claim against Frankin County fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the Court **DISMISSES** Plaintiff's *Monell* claim against Franklin County **with prejudice** pursuant to § 1915(e)(2)(B)(ii) and **DIRECTS** the Clerk of Court to **TERMINATE "**Franklin County, Georgia," as a party to this case.

Considering that Plaintiff's Amended Complaint is proceeding, as filed, against Defendants Chambers, Woods, and Elder, the above-mentioned Motion to Dismiss is now moot. Under black letter federal law, "an amended complaint supersedes the

initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by the amendment, and [it] is no longer a part of the pleader's averments against h[er] adversary[ies]." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); *see also Hoefling v. City of Mia.*, 811 F.3d 1271, 1277 (11th Cir. 2016) (initial pleading "bec[o]me[s] a legal nullity"). Further, an original complaint would still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). An amended complaint that does not incorporate the prior pleading, however, moots "the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." *Wimberly v. Broome*, No. 6:15-cv-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016).

    The Court has reviewed Plaintiff's Amended Complaint and found no reference to, or adoption of, any allegations set forth in its original Complaint. Therefore, Plaintiff's Amended Complaint filed on December 16, 2025, supersedes her original Complaint and is the sole operative pleading in this case. Accordingly, the Court **DENIES** Defendants Chambers and Woods' Motion to Dismiss filed on December 12, 2025, **as moot**.

    **SO ORDERED**, this 16th day of December, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**

**UNITED STATES DISTRICT JUDGE**